UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 19-40018-TSH |
| JULIO RIVERA, | ) ) | |
| Defendant. | ) ) | |

ORDER ON DEFENDANT'S MOTION
FOR COMPASSIONATE RELEASE
July 11, 2023

**HILLMAN, S.D.J.**

Defendant Julio Rivera seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) citing the combination of family circumstances, his medical conditions and risk of contracting COVID-19 as extraordinary and compelling reasons justifying his release. The Government opposes his request. After balancing the applicable factors discussed more fully below, the Court has determined that the Defendant has not met his burden to show the existence of extraordinary circumstances warranting release under 18 U.S.C. § 3582(c)(1)(A).

On September 2, 2021, the Defendant was found guilty of one count of distribution of and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). Pursuant to this conviction, Defendant was sentenced to 60 months in prison, followed by a four-year term of supervised release. The Defendant is serving his sentence at FMC Devens, with an anticipated release date of September 26, 2025. He has currently served approximately 21 months of his sentence.

On June 24, 2022, Defendant filed a request for compassionate release/reduction in sentence with the prison warden based on the following medical conditions: high cholesterol, depression, sleep apnea, hypertension, asthma, and obesity. On July 26, 2022, the warden denied the Defendant's request. On January 30, 2023, the defendant, through counsel, submitted a motion to this court for compassionate release alleging diabetes, hypertension, high cholesterol, and sleep apnea. The Government concedes that he has satisfied the administrative exhaustion requirement set forth in 18 U.S.C. § 3582(c)(1)(A).

Defendant alleges that his medical conditions put him at increased risk for severe outcomes from COVID-19 and that the Bureau of Prison's ("BOP") response to the pandemic has hampered his ability to provide himself with the self-care necessary to manage his conditions. Medical records from BOP reveal that the defendant suffers from hypertension, morbid obesity, asthma, high cholesterol, sleep apnea and anxiety/depression. In his motion, the defendant also claims to suffer from hyperlipidemia, type 2 diabetes, skin conditions and seasonal allergies. He raises a secondary basis for release on the grounds of extraordinary and compelling circumstances based on family circumstances. Specifically, Defendant states that his wife was diagnosed with a pituitary tumor in 2022, the treatment for which is currently medication but may require surgery with a lengthy post-surgical recovery. According to Defendant's affidavit, his wife is waiting for him to return home before having the surgery, claiming that the Defendant is the only person available to help her during her recovery.

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if it finds that there are "extraordinary and compelling reasons" warranting such a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Any modification must be made pursuant to either a motion of the Director of the Bureau of Prisons or a motion of the defendant after the defendant

2

has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Even if "extraordinary and compelling reasons" exist, a court should only grant a motion for release if, after consideration of the sentencing factors enumerated in 18 U.S.C. § 3553(a), it determines that the reduction is warranted in whole or in part under the particular circumstances of the case. *See United States v. Saccoccia*, 10 F.4th 1, 4 (1st Cir. 2021) (*citing Dillon v. United States*, 560 U.S. 817, 827 (2010)).

In determining whether the Defendant is entitled to compassionate release, the Court must consider the current and potential prospective impact of the pandemic together with an individualized assessment of relevant factors as they pertain to him. These factors include: (1) the Defendant's age and health, including whether the Defendant has any health conditions that place him at increased risk of serious illness or death from COVID-19; (2) the health, safety, and living conditions at the facility where the Defendant is housed, any specific crowding issues, and the specific steps taken by the facility in response to the spread of COVID-19; and (3) the crime of conviction and length of his remaining sentence.

Applying the aforementioned factors, the Court finds that the Defendant has failed to establish extraordinary and compelling reasons establishing he is entitled to immediate release. More specifically, although the Defendant has been diagnosed with a number of ailments that place him within the category of persons at higher risk from COVID-19, it is clear that FMC Devens has taken adequate steps to avoid or control any potential outbreaks. Moreover, if the individual is vaccinated, the likelihood of suffering severe symptoms is even less likely. Here,

the defendant has been fully vaccinated against COVID-19, receiving two doses of the Moderna vaccine (on 4/20/2021 and 5/18/2021) while in BOP custody.

Regarding Defendant's medical conditions, it appears from the record that Defendant's underlying medical conditions are being adequately monitored and treated at FMC Devens. The FMC Devens medical personnel have treated Defendant's hypertension with several medications, he is proscribed an inhaler for his asthma with directions as to its usage; he receives medication to control his anxiety and depression, as well as his high cholesterol. Defendant has also recently began taking the mediation Ozempic for treatment of type 2 diabetes and obesity.

Regarding Defendant's wish to care for his spouse, the Court does not find this reason extraordinary and compelling on the record presented. In his lengthy memorandum in support of his motion for release, Defendant's focus is primarily on his own medical issues. Defendant filed nothing with his motion in support of his wife's condition until after the omission was noted in the Government's opposition. Only then did counsel for Defendant file records supporting his wife's medical condition. Also at odds are Defendant's numerous health conditions which form the basis for his requested relief and his intention to be the sole caretaker for his wife as she recovers from surgery as well as work full time to support his extended family.

In an attachment to his presentencing memorandum (Docket No. 139-3), Defendant's wife notes that together they share five children and nine grandchildren and have a network of supporters. It appears that there are others in the family and community would be able to care for his wife, should she opt for surgery in the near future. Furthermore, Defendant indicated that should his motion be granted, upon release he would be residing elsewhere, with his stepdaughter's mother-in-law in Worcester (Docket No. 163-1. p.5).

For the reasons state above, the Defendant's Motion for Compassionate Release (Docket No. 163) is ***denied***.

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**SENIOR DISTRICT JUDGE**